Oder, use, etc., *v.* Putman. Winston *v.* McFarland, Ex'r, etc.

---

RUSSELL L. WINSTON, Appellant, *v.* IRA McFARLAND, Executor of James McFarland, deceased, Appellee.

APPEAL FROM LA SALLE.

Where an executory contract is in question, alleged to have been founded in fraud, the court will not aid either party.

THIS was an action of debt brought in the La Salle County Circuit Court, by Ira McFarland, executor, etc., of James McFarland, deceased, against Russell L. Winston (Appellant,) and tried at the Nov. term of said court, 1858, before HOLLISTER, Judge, and a jury, and a verdict had for the plaintiff for $1,184.06 debt, and $536.12 damages, and judgment entered thereon. A motion for a new trial was made and overruled, and a bill of exceptions signed and sealed, and an appeal taken by the defendant in the court below to this court.

The declaration contains four counts upon a promissory note.

On the trial of the cause, the only evidence offered on the part of the plaintiff, was a sealed note.

The defendant filed the plea of *nil debet*, and several special pleas, among them the following, marked as an additional plea, to which a demurrer was sustained:

" And now comes the said defendant, and for an additional plea in this behalf, and says *actio non*, because, he says, that on the day of the date of the said note or instrument in writing in said 1st, 2nd, 3rd and 4th counts mentioned, (said note in said several counts being one and the same note) to wit: on the first day of August, A. D. 1854, to wit: at Peru, in the county aforesaid, the said defendant was then and there indebted to the said James McFarland, then in full life, in the sum of fifteen hundred dollars, and in that sum only, and the said note was given for the sum of three thousand dollars, as in said counts respectively is alleged, and the said defendant then executed and delivered to the said James McFarland a mortgage upon certain real estate in the county of Bureau, in the State of Illinois, to secure the said sum of three thousand dollars in said note mentioned; that said defendant was then apprehensive that he would be liable to suit upon certain supposed fraudulent and forged drafts which said defendant had before then endorsed, and that his property would be subject to levy and sale upon execution issued upon judgments which might be obtained against him, upon such supposed forged and fraudulent drafts, so endorsed by him as aforesaid, and to create an apparent incumbrance upon his said property, and to protect the same from levy and sale upon such executions, the said note and mortgage was executed as aforesaid, and for that purpose was the said note and mortgage so executed as aforesaid accepted by the said James McFarland, when in fact and in truth, the only indebtedness from said defendant to said James McFarland was the said sum of, to wit: fifteen hundred dollars, and this the said defendant is ready to verify, wherefore, etc."

To which plea the plaintiff demurred:

1st. Generally.

2nd. That the facts set up in said plea, if true, do not render said note null and void.

3rd. That the facts relative to the consideration of said note, are not set up with sufficient certainty, and is in other respects informal and insufficient.

There was an order allowing the additional plea to be filed—and sustaining plaintiff's demurrer to said additional plea; trial and verdict for plaintiffs below.

Motion for new trial overruled.

In the assignment of errors was the following :

2nd. The court erred, in sustaining the demurrer to the additional plea of the defendant, filed by leave of the court.

CHUMASERO & ELDREDGE, for Appellant.

C. BLANCHARD, for Appellee.

BREESE, J. The point presented by the additional plea of the defendant below, the appellant here, has been so fully considered by this court, in the case of *Miller* v. *Marckle*, 21 Ill. R. 152, that we deem it unnecessary to go over the ground again.

We there decide, when a contract is executory, as this is, the court will interfere for neither party—that it will leave the parties where it finds them, aiding neither. The maxim, " *in pari delicto, melior est conditio defendentis,*" is fully recognized.

The judgment is reversed, and the cause remanded, with leave to the plaintiff to traverse the plea.

*Judgment reversed.*

WALKER, J. I dissent from the judgment of the majority of the court in this case.